**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MELVA SCARBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| NORTHEAST ILLINOIS COMMUTER | ) | Judge: |
| RAILROAD, d/b/a METRA- | ) | |
| METROPOLITAN RAIL, | ) | Trial by Jury Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MELVA SCARBROUGH, by and through her

attorneys, James T. Foley and Foley Law Group, LLC., and for her Complaint against

Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD

CORPORATION, d/b/a METRA, METROPOLITAN RAIL (hereinafter METRA), states

as follows:

      1.    Jurisdiction of this Court is invoked under the provision of Title 45 U.S.

Code § 56 and Title 28 U.S. Code § 1331.

      2.    This action arises under and the rights and liabilities of the parties to this

cause are governed by the Federal Employers Liability Act, 45 U.S.C. § 51, et seq.

      3.    At all times herein, the Defendant, METRA, was and is a railroad

corporation doing business in the State of Illinois.

      4.    At all times here in, the Defendant, METRA, was and is a common carrier

by railroad, engaged in Interstate Commerce.

5.     On June 12, 2018, at or about 4:30 P.M., the Defendant METRA owned, maintained, and operated a railroad station, depot and/or facility commonly known as the Van Buren Station, located at or about 151 West Van Buren, Chicago, Cook County, Illinois.

6.     On June 12, 2018, and at all pertinent times, Defendant METRA, owned maintained, used in its operation, an area at the Van Buren Station, for the sale of tickets, and for use by its employees to perform their duties for Defendant METRA.

7.     On June 12, 2018, at or about 4:30 P.M. and at all pertinent times, Plaintiff, as a clerk employed by Defendant METRA, was required to perform work for Defendant at its Van Buren Station, including at ticket booths within the station.

8.     On January 12, 2018, at or about 4:30 P.M., while employed by Defendant METRA as a clerk, and while in the course of her employment with Defendant, Plaintiff was required to perform services in and around Defendant's Van Buren Station property. While in the course of performing her duties at Defendant's Van Buren Station property, Plaintiff attempted to raise a heavy glass and steel window located in a ticket booth at Defendant's Van Buren Station. While attempting to raise the window, the window suddenly, unexpectantly and without warning slammed down on Plaintiff's right hand and fingers, causing serious, and permanent injury to Plaintiff's right hand and fingers. Defendant's property, including the window that slammed down on Plaintiff's right hand and fingers was not properly maintained, not properly functioning, and unsafe for Defendant's employees, in spite of the fact that Defendant METRA had actual notice of this unsafe condition for an extended period of time.

2

9.     At the time and place alleged, Plaintiff's duties were in furtherance of Interstate Commerce for Defendant METRA.

10.     At the time and place alleged, the Defendant, METRA, had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, and to keep such place of work in a reasonably safe condition.

11.     In violation of its' duty, Defendant METRA negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

        (a).     Failed to adapt, install, implement, and enforce a safe method and procedure for the described operation;

        (b).     Failed to properly inspect, maintain, and process its ticket booths, windows, facilities, and property so that the same became hazardous to the safety of its employees;

        (c).     Failed to warn Plaintiff that there was a hazard in her work area, an area Defendant had notice of a dangerous condition and required her to work in, in spite of Defendant being put on notice of the dangerous condition prior to June 12, 2018, at or about 4:30 P.M.

        (d).     Failed to properly maintain Plaintiff's work area;

        (e).     Negligently and carelessly failed to repair, maintain, rehabilitate, properly service, and remove dangerous, hazardous conditions from an area Plaintiff was required to work in when it had actual notice of a defective, unsafe condition on its property;

(f).    Negligently and carelessly caused defective, faulty window to exist in an area it knew its employees were required to work;

(g).    Negligently and carelessly failed to warn Plaintiff of the unsafe, hazardous, and poor conditions when timely warning would have averted injury to Plaintiff;

(h).    Failed to properly inspect the area around the Van Buren Station, when ordinary inspection would have revealed that the area in and around the ticket booth, including the defective window was dangerous, hazardous, and likely to result in injury to its employees, including the Plaintiff;

(i).    Failed to properly adapt, install, implement, and enforce a safe method and procedure for the maintenance of windows, ticket booths, and the property, under the conditions present at the time and place of the incident complained of;

(j).    Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12.    Defendant's failure to provide Plaintiff, MELVA SCARBROUGH with a safe place to work and by one of the aforementioned acts or omissions caused, in whole or in part, Plaintiff's injuries.

13.    As a consequence, Plaintiff, MELVA SCARBROUGH incurred injuries which have caused and will continue to cause her great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff MELVA SCARBROUGH has been and will in the future be kept from attending to her ordinary affairs and duties, and has

lost and will lose great gains which she otherwise would have made and acquired; as a further result, Plaintiff, MELVA SCARBROUGH, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medial, hospital and related expenses in the future.

WHEREFORE, the Plaintiff, MELVA SCARBROUGH, demands judgment in her favor and against Defendant METRA, in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully submitted,
MELVA SCARBROUGH

By: _____

Attorney for Plaintiff

James T. Foley
Foley Law Group, LLC.
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
jfoley@foleylawgroup.com